The undersigned respectfully dissents in part from the Opinion and Award of the majority. In particular, I believe that this matter should be remanded for further evidence. I believe that Deputy Commissioner Glenn erred in preventing defendant Bar Construction Company from contesting his procedural ruling that plaintiff was a statutory employee.
Deputy Commissioner Glenn ruled during the hearing in this matter that defendant Redding was foreclosed from litigating the issue of whether plaintiff was an employee of defendant Redding at the time of the accident due to failure to comply with discovery. Accordingly, defendant Bar Construction Company was also prohibited from litigating this issue. Defendant Bar Construction Company asserts that defendant Redding paid plaintiff as if plaintiff were a sub-contractor and not an employee. In order to find defendant Bar Construction Company liable as a statutory employer pursuant to N.C. Gen. Stat. §97-19, it is first incumbent upon the Commission to determine that plaintiff was actually an employee of the subcontractor.
In this instance, I believe that it was inappropriate for the Deputy Commissioner to strike defendant Bar Construction Company's defenses for an infraction by defendant Redding. Although there was a contractual relationship between the two, defendant Redding was not an agent for defendant Bar Construction Company and defendant Bar Construction Company should not be stricken of defenses due to defendant Redding's conduct.
Accordingly, I dissent.
This the __ day of ____, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN